MILLIGAN *v.* FLES.

*(City Court of New York, Special Term. May, 1888.)*

WRITS—SHORT SUMMONS—WHO IS ENTITLED TO.

> The fact that a plaintiff has a place of business in New York city does not preclude him from the right of a short summons, authorized by Code Civil Proc. N. Y. § 3165, in case either plaintiff or defendant resides without the city.

Action on a note by John C. Milligan against Amelia Fles. Plaintiff obtained an order of short summons, and defendant showed that plaintiff had a stated place of business in New York city, and moved to vacate the order. *Masten & Nichols*, for plaintiff. *Jacob Levy*, for defendant.

McADAM, C. J. Where either the plaintiff or defendant does not reside within the city of New York, a short summons may be ordered. Code Civil Proc. § 3165. The fact that either or both have an office or place of business within the county does not affect this provision of the Code. A place of business within the county exempts a plaintiff from the necessity of giving security for costs as a non-resident, under sections 3268 and 3269 of the Code, (section 3160,) and exempts a defendant from being proceeded against by attachment as a non-resident of the county, (Code, § 3269, subd. 3;) but the exemption does not extend to or affect the short summons authorized by section

3165, *supra*. The motion by the defendant to vacate the order directing a short summons to issue will therefore be denied, with $10 costs to abide the event. Ordered accordingly.